IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03058-GPG-MDB

ESTATE OF ANTHONY LONG, by and through its personal representative Norma Long; and
NORMA LONG,

      Plaintiffs,

v.

CORECIVIC, INC.;
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BENT;
VIRGIL ENSEY, individually;
LARRY COX, individually; and
BECKY LEWIS, individually,

      Defendants.

---

### [~~PROPOSED~~] SCHEDULING ORDER ~~WITH DISPUTED ISSUES~~

---

### 1.  DATE OF SCHEDULING CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to ECF No. 6, a Scheduling Conference has not been set in this matter.  The parties are represented by the following counsel:  Aurora L. Randolph, ALR Civil Rights LLC, 9878 W. Belleview Ave., Ste 2129, Denver, Colorado 80123, (303) 968-1703, aurora@alrcivilrights.com, appears for Plaintiffs; Andrew D. Ringel, Esq., Hall & Evans, LLC, 1001 17th Street, Suite 300, Denver, Colorado 80202, (303) 628-3300, ringela@hallevans.com, appears for Defendants CoreCivic, Inc., Virgil Ensey, Larry Cox, and Becky Lewis; Eric M. Ziporin, Esq. and James T. Kadolph, SGR, LLC, 3900 East Mexico Avenue, Suite 700, Denver, Colorado 80210, (303) 320-0509, eziporin@sgrllc.com, jkadolph@sgrllc.com, appearing for Defendant Board of County Commissioners of the County of Bent.

1

## 2.  STATEMENT OF JURISDICTION

This case was filed in federal court on September 29, 2025, on the grounds of federal question jurisdiction as well as supplemental jurisdiction. This action arises under laws of the United States and the State of Colorado and is brought pursuant to the Eighth Amendment to the United States Constitution through 42 U.S.C. § 1983.  Subject-matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under laws of the United States.  Furthermore, jurisdiction over Plaintiff's pendant state law claims is proper under 28 U.S.C. § 1367(a) because they are so related to Plaintiffs' claims arising under federal law that they form part of the same case or controversy.  Plaintiffs' claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988(b). Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the events and omissions alleged occurred within the State of Colorado and, at all pertinent times, all of the Defendants resided in or conducted business within the State of Colorado.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiffs

Anthony Long, a 67-year-old husband to wife Norma Long and prisoner at Bent County Correctional Facility ("BCCF"), suffered a preventable and agonizing death at the hands of another BCCF prisoner in October 2023.  Mr. Long was suffocated and beaten to death by an inmate with a long history of violence against other prisoners, with severe and inadequately treated mental health conditions, and who had terrorized, harassed, and threatened Mr. Long for months leading up to the murder.  Mr. Long and his wife repeatedly notified the Individual Defendants and CoreCivic officials of the threats to Mr. Long before the attack, but they all failed to take any action to separate or protect Mr. Long.  The Individual Defendants and

CoreCivic officials knew of the risk to Mr. Long by the man who would go on to murder him, but failed to take any protective measures, allowed the two to be housed together, and continued the dangerous conditions that are standard operating procedure at BCCF. Predictably and in line with the threats, the other prisoner ultimately tortured Mr. Long and violently murdered him without any CoreCivic intervention at BCCF. Mrs. Long lost her beloved husband of over 30 years and is now a grieving widow.

This murder was preventable. The State of Colorado contracted with Bent County to incarcerate and care for state prisoners, and Bent County subcontracted with CoreCivic to do the job at BCCF. Bent County (acting through its Board of County Commissioners, "BOCC") knew of CoreCivic's history of failing to provide adequate conditions and safety for prisoners but chose to contract with the for-profit company to incarcerate the state prisoners for the County anyway, knowingly putting these people at significant risk of harm. Moreover, despite this knowledge and awareness of the systemic problems at BCCF, the BOCC completely failed to oversee and supervise its contractor to ensure the safety and wellbeing of its prisoners and delegated final decision-making authority to CoreCivic. Indeed, CoreCivic and the BOCC worked hard to fill BCCF's prison beds without regard for the safety of prisoners to maximize the profit for both entities. Had CoreCivic and Bent County taken basic actions to prioritize prisoner safety, Mr. Long's death could have been prevented.

Plaintiff Estate has brought claims under 42 U.S.C. § 1983 against the Individual Defendants (Defendants Ensey, Cox, and Lewis) for their deliberate indifference to the substantial risk of serious harm to Mr. Long in violation of his Eighth Amendment rights. Plaintiff Estate has also brought a claim against CoreCivic under 42 U.S.C. § 1983 for its deliberately indifferent policies and practices with respect to its understaffing, failing to safely

house prisoners, and failing to take action to protect vulnerable prisoners, which caused the underlying constitutional violation at issue in this case. The Estate has also brought a § 1983 claim against Bent County for its deliberately indifferent policies, supervision, hiring, oversight, and ratification of its dangerous contractor, as well as under the non-delegable duty doctrine. Plaintiff Norma Long has also brought a state claim for Mr. Long's wrongful death against CoreCivic for the actions of it and its employees, including the Individual Defendants.

**b. Defendants CoreCivic, Inc., Virgil Ensey, Larry Cox, and Becky Lewis ("CoreCivic Defendants")**:

Defendant CoreCivic, Inc. operates Bent County Correctional Facility ("BCCF"). Individual Defendants Virgil Ensey, Larry Cox, and Becky Lewis were all employed by CoreCivic and worked at BCCF during the time Anthony Long was assigned to BCCF by the Colorado Department of Corrections ("CDOC").

CoreCivic Defendants deny they violated any of Mr. Long's constitutional or common law rights and deny they acted inappropriately in any actions or omissions related to Mr. Long. CoreCivic Defendants did not violate Mr. Long's constitutional rights in any respect related to his death and acted consistently with the United States Constitution, federal law, Colorado law, and CDOC policy related to the housing assignment of Mr. Long, in responding to any issue related to Mr. Long, and in connection with the circumstances leading to the death of Mr. Long. CoreCivic Defendants acted reasonably, and consistently with applicable law for all actions taken related to Mr. Long.

CoreCivic Defendants will rely on the defenses and affirmative defenses asserted in their response to the Plaintiffs' Amended Complaint to be filed with this Court.

**c. Defendant Board of County Commissioners of the County of Bent**:

The Board of County Commissioners of the County of Bent (the "County") contracts with CoreCivic to operate the Bent County Correctional Facility (the "BCCF"), where Mr. Anthony Long was incarcerated. The County has an intergovernmental agreement with the Colorado Department of Corrections to house inmates at the BCCF.

The County denies that it violated Mr. Long's Constitutional or statutory rights. The County acted consistently with the Constitution, state and federal law, and applicable statutory provisions in contracting the operation of the BCCF. In addition to these defenses, the County will rely upon its defenses asserted in its responsive pleading to the Amended Complaint (ECF No. [#7]).

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     Norma Long is the widow of Anthony Long and the personal representative of the Estate of Anthony Long.

2.     Anthony Long was incarcerated at Bent County Correctional Facility ("BCCF") from at least 2022 through October 8, 2023.

3.     CoreCivic owned and operated BCCF during the time Mr. Long was incarcerated at BCCF.

4.     Bent County contracts with CoreCivic to incarcerate Colorado Department of Corrections ("CDOC") prisoners at BCCF.

5.     Bent County contracts with the CDOC to incarcerate CDOC prisoners at BCCF.

6.     Defendant Virgil Ensey was employed by CoreCivic as the Warden of BCCF during the time Mr. Long was incarcerated at BCCF.

7.    Defendant Larry Cox was employed by CoreCivic in various positions at BCCF during the time Mr. Long was incarcerated at BCCF.

8.    At the time of Mr. Long's death, Mr. Cox was the Associate Warden of BCCF.

9.    Defendant Becky Lewis was employed by CoreCivic as a Case Manager during the time Mr. Long was incarcerated at BCCF.

10.    At the time of Mr. Long's death, Ms. Lewis was Mr. Long's Case Manager.

11.    From at least May-October 2023, inmate Robert Roberts was incarcerated at BCCF.

12.    On October 8, 2023, BCCF inmate Robert Roberts killed Anthony Long at BCCF.

## 5.  COMPUTATION OF DAMAGES

### a.  Plaintiffs

Plaintiffs seek appropriate relief at law and equity; declaratory relief and other appropriate equitable relief; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of companionship and association with family members, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate lawful rate; any further relief that this court deems just and proper, and any other relief as allowed by law.

Plaintiff Estate has suffered injuries and losses, including the death of Mr. Long, entitling it to recover his compensatory, economic and special damages, including, but not limited to, for loss of constitutional rights, loss of enjoyment of life, and his herein described horrific and terrifying pain and suffering during and leading up this event at issue in this case that took his life.

6

Plaintiff Norma Long (individually) has suffered and continues to suffer damages, losses, and injuries in an amount to be determined by the jury at trial. These damages include, but are not limited to, funeral expenses, pain and suffering, upset, grief, loss of society and companionship, impairment in the quality of her life, inconvenience, anger, depression, and all other purely noneconomic damages as allowed under the Colorado Wrongful Death Act.  Ms. Long is therefore entitled to general and compensatory damages for her pain and suffering and emotional distress and special damages.

**b.  CoreCivic Defendants**:

CoreCivic Defendants do not seek damages from the Plaintiffs.  However, CoreCivic Defendants reserve the right to seek their attorney's fees and costs pursuant to applicable federal and Colorado law.

**c.  Defendant Board of County Commissioners of the County of Bent**:

The Board of County Commissioners of the County of Bent do not seek damages from the Plaintiffs. However, the Board of County Commissioners of the County of Bent reserve the right to seek their attorney's fees and costs pursuant to applicable federal and Colorado law.

### 6. REPORT  OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on November 7, 2025.

**b.  Names of each participant and party he/she represented.**

For Plaintiff - Aurora L. Randolph

For Defendants – Andrew D. Ringel participated for the CoreCivic Defendants.  Eric M. Ziporin and James T. Kadolph participated for Defendant Board of County Commissioners of the

County of Bent.

**c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The Parties made their initial disclosures on November 25, 2025.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.  Statement concerning any agreements to conduct informal discovery.**

The Parties have not reached any specific agreement to conduct informal discovery, but they are working together to address discovery matters and commit to doing so in good faith throughout this case.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1)  The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties have agreed to produce materials subpoenaed from any third-party witnesses to the other party as soon as possible, but in any event no later than seven business days after receiving the materials. The Parties agree that if additional time is necessary, they will work together to reach an agreed upon extension of time for production.

(3) The Parties agree to produce all evidence identified in their initial and supplemental disclosures without a separate request for production.

(4) The Parties agree that insofar as they supplement or amend any disclosures or written discovery responses, the Parties will reproduce the entire set of disclosures or written discovery responses (excluding production materials), with the new information added in bold font, redlining, or other such clear designation, so as to create a single document that contains all original information and all supplemental information in the last-served supplemental/amended document.

(5) The Parties agree that any documents provided in disclosures, supplemental disclosures, or in response to discovery will be consecutively Bates-stamped with identification of which Party produced the document.

(6) The parties have reviewed and familiarized themselves with the Court's Civil Practice Standards, including the provisions related to discovery disputes. The parties will follow those procedures.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties have discussed possible sources of electronically stored information ("ESI") at the Rule 26 conferral. The Parties do not anticipate extensive ESI discovery in this matter, however, to the extent that ESI discovery relevant to the claims or defenses in this case exists, the parties agree that production of documents should be done in electronic format unless otherwise not possible. The Parties agree to work cooperatively on an informal framework for ESI discovery and the format in which it will be produced. The Parties agree to produce documents in .PDF format for standard document files and in native format for documents in which native format is necessary or preferable for review (ex: Excel spreadsheets, video and audio files, PowerPoint files), and they agree to confer in good faith in the event a party wishes to receive ESI in a different format or wishes to receive metadata.

At this time, the Parties do not anticipate the need for an ESI protocol. However, the Parties will confer in good faith should that change.

The parties shall adhere to the Sedona principles regarding electronic discovery disputes. The Parties have proposed language for a Fed. R. Evid. 502(d) order below.

9

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties believe some discovery needs to occur before any settlement discussions will be meaningful. The parties will continually assess the prospects of settlement as discovery progresses. The parties will contact the Magistrate Judge to schedule a settlement conference if the parties determine a settlement conference makes sense in this matter at a later date.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

"Per side" as used below refers to Plaintiffs as being one side and to Defendants, collectively, as the other side.

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~Seventeen depositions total per side.~~ Each side is limited to the presumptive number of depositions pursuant to the Federal Rules, excluding experts.

**b. Limitations which any party proposes on the length of depositions.**

~~Plaintiffs: Plaintiffs propose the time limits set forth in the Federal Rules of Civil Procedure for all depositions, with the parties cooperating in good faith to impose reasonable time limits on depositions of any non-party lay witnesses. For the purposes of any Rule 30(b)(6) deposition, Plaintiffs propose that any party Fed. R. Civ. P. 30(b)(6) deposition should be limited to seven (7) hours plus two (2) additional hours for each additional 30(b)(6) designee identified by the party, though the Parties could confer if such presumptive time constraints are not feasible.~~

~~Defendants: Defendants propose depositions of seven (7) hours for all parties including any Fed. R. Civ. P. 30(b)(6) depositions and for any retained experts. Defendants propose four (4) hours for all other depositions including non-party lay witnesses and non-retained experts.~~

The length of depositions shall be in accordance with the presumptive limits pursuant to the Federal Rules. If the parties need additional time to complete 30(b)(6) witness depositions and cannot agree after conferral, they shall follow the Court's discovery dispute procedures.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties propose the following limitations on written discovery: Plaintiffs may serve twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-five (25) requests for admission each on Defendants CoreCivic and the Board of County Commissioners of Bent County. Plaintiffs may serve ten (10) interrogatories, ten (10) requests for production, and ten (10) requests for admission each on Defendants Ensey, Cox, and Lewis. Defendants may serve twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-five (25) requests for admission on the Estate of Anthony Long and ten (10) interrogatories, ten (10) requests for production, and ten (10) requests for admission on Norma Long.

**d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Forty-five days prior to the discovery cut-off.

**e.  Other Planning or Discovery Orders**:

1. Consistent with the notion that no opposed discovery motions can be filed with the Court until the parties comply with D.C.Colo.LCiv.R. 7.1(a), if the parties are unable to reach agreement on a discovery issue after such conferral, they shall follow all discovery dispute procedures within the applicable Civil Practice Standards of the District Court or the Magistrate Judge (or both as the case may be) as to the issue. Both of these steps must be completed before any contested discovery motions can be filed with the Court.

2. Inadvertent production of privileged or work-product protected documents, ESI or information is not a waiver of the privilege or production from discovery in this case or in any

11

other federal or state proceeding. This section shall be interpreted to provide the maximum

protection allowed by Fed. R. Evid. 502. Nothing contained in this section is intended to limit, or

shall serve to limit, a party's right to conduct a review of documents, ESI, or information (including

metadata) for relevance, responsiveness, segregation of privileged information, or segregation of

otherwise protected information prior to production.

3.    The parties anticipate filing a motion for protective order to govern the exchange of

information designated as confidential. Joint Motion for Protective Order due by **January 5, 2026.** The motion shall attach a proposed protective order with any competing language in the

comments.

4.    The Parties agree to work together in good faith should they believe they need any

additional discovery beyond the limitations set forth herein.

## 9.    CASE PLAN AND SCHEDULE[1]

a.    **Deadline for Joinder of Parties and Amendment of Pleadings:**

The filing of amended and supplemental pleadings will be made pursuant to Fed.

R. Civ. P. 15 and designation of non-parties at fault pursuant to C.R.S. § 13-17-

111.5(3): **January 15, 2026**.

b.    **Discovery Cutoff:**

**September 1, 2026**

c.    **Dispositive Motion Deadline:**

**October 16, 2026**

d.    **Expert Witness Disclosure:**

---

[1] This deadlines in this Case Plan and Schedule may be impacted by the criminal prosecution of Robert Roberts, the individual who killed Anthony Long on October 8, 2023. Mr. Roberts is being prosecuted for homicide in the District Court, County of Bent, State of Colorado, Case No. 2024CR88. Because of this criminal prosecution, the parties may not be able to access

some documents related to the investigation of Mr. Long's death and will not be able to depose Mr. Roberts until there is a disposition of the criminal charges. These realities may impact the ability of the parties to meet the schedule set forth below. Accordingly, the parties may seek to extend the deadlines if needed.

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff: Plaintiff anticipates calling witnesses in the following possible fields: corrections and prison operations; and mental health and any expert necessary for rebuttal and/or impeachment purposes. Plaintiff reserves the right to disclose different or alternative experts on or before the expert designation deadline.

Defendants: Defendants anticipate potentially designating experts in corrections operations, the Plaintiffs' claimed damages, and to rebut any of the Plaintiffs' experts.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The parties propose a limit of two retained experts for the Plaintiffs, two retained experts for the CoreCivic Defendants, and two retained experts for Defendant Board of County Commissioners. The parties also propose a limit of one rebuttal expert in response to any retained expert disclosed by an opposing party.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 17, 2026.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 17, 2026.**

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|

13

| | |
|---|---|
| Plaintiff Norma Long | TBD |
| Defendant Virgil Ensey | TBD |

| | |
|---|---|
| Defendant Larry Cox | TBD |
| Defendant Becky Lewis | TBD |
| Defendant CoreCivic Inc. | TBD |
| Defendant BOCC | TBD |
| Colorado Department of Corrections | TBD |
| Robert Roberts | TBD |
| Plaintiff Estate of Anthony Long | TBD |

### 10.  DATES FOR FURTHER CONFERENCES

**Final Pretrial Conference will be set after the dispositive motion deadline has passed and the Court has issued rulings on all such motions, or no dispositive motions have been filed and the deadline has passed. In either case, within 15 days, the parties shall jointly email Gallagher_Chambers@cod.uscourts.gov to request a date for Final Pretrial Conference, at which Judge Gallagher will set dates for pretrial proceedings and trial.**



~~a.  Status conferences will be held at the following dates and times:~~

~~_____, 20___ at ___ o'clock ____ m.~~

~~b.  A final pretrial conference will be held at the following date and time:~~

~~_____, 20___ at ___ o'clock ____ m.~~

~~A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.~~

### 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

There are no discovery or scheduling issues on which counsel were unable to reach an agreement.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a seven-day jury trial. Plaintiffs have requested a trial by jury in their complaint.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S.**

Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.Any motions requesting deadline extensions must contain sufficient information for the Court to conclude the parties have been diligent in discovery.

DATED this 12th day of December, 2025.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

16

APPROVED AS SUBMITTED ON November 26, 2025:

s/Aurora L. Randolph
**Aurora L. Randolph**
ALR CIVIL RIGHTS LLC
9878 W. Belleview Ave. Ste. 2129
Denver, CO 80123
Phone: (303) 968-1703
Email: aurora@alrcivilrights.com
*Attorney for Plaintiffs*


s/ Andrew D. Ringel                    .
Andrew D. Ringel, Esq.
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, Colorado 80202
Phone: (303) 628-3300
Email:  ringela@hallevans.com

*Attorney for Defendants CoreCivic, Inc.*
*Virgil Ensey, Larry Cox, and Becky Lewis*


s/ Eric M. Ziporin                  .
Eric M. Ziporin, Esq.
James T. Kadolph, Esq.
SGR, LLC

3900 E. Mexico Avenue, Suite 700
Denver, Colorado 80210
Phone: (303) 320-0509
Email:  eziporin@sgrllc.com; jkadolph@sgrllc.com

*Attorneys for Defendant Board of County*
*Commissioners of the County of Bent*