IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03058-GPG-MDB

ESTATE OF ANTHONY LONG, by and through its personal representative Norma Long; and
NORMA LONG,

      Plaintiffs,

v.

CORECIVIC et al.,

      Defendants.

---

## PROTECTIVE ORDER

---

Upon consideration of the parties' Joint Stipulated Motion for Protective Order concerning certain confidential information and documents to be disclosed during the above-captioned litigation, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents disclosed, documents produced in response to discovery requests, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery rules created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is relevant to this case and that implicates common law and/or statutory privacy and/or confidentiality interests and includes but is not limited to: (a) information protected by HIPAA; (b) confidential information that includes, but is not limited to financial information that is either privileged or maintained as confidential by the party in its or her ordinary course of business or dealing;  (c) privileged or confidential personnel or personal information regarding employees or former employees protected by federal or Colorado law; and (d) confidential law enforcement investigative material maintained by the Colorado Department of Corrections or CoreCivic implicating safety and security issues; and (f) any other material qualifying for protection under Fed. R. Civ. P. 26(c).

4.      Confidential documents, materials, and/or information (collectively, hereinafter referred to as "CONFIDENTIAL information" or "CONFIDENTIAL material") shall not, without the consent of the party or non-party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case: to attorneys actively working on this case; to persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; to the parties, including the designated representatives for Plaintiffs and Defendants; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; to the Court and its employees ("Court Personnel") and jurors; to stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; to deponents, witnesses, or potential witnesses;

at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information or CONFIDENTIAL material to any person listed above (other than counsel, persons employed by counsel, Court Personnel, jurors, and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order. Counsel shall maintain a record of the individuals to whom they provided documents designated "CONFIDENTIAL."

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      CONFIDENTIAL information or CONFIDENTIAL materials shall not be disclosed or used for any purpose except for the preparation (including, but not limited to, discovery requests, depositions, motion preparation, etc.) and trial of this case. With regard to documents previously produced in the case, which satisfy the criteria in paragraph two above, counsel may designate such documents as CONFIDENTIAL by providing notice of such to opposing counsel within 14 days of the date of this Order.

8.      Before any information is designated "CONFIDENTIAL," counsel of record for the Designating Party or non-party must first review the information and determine, in good faith, that the documents, materials, and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL information (e.g., testimony), the deposition or portions thereof shall be designated as CONFIDENTIAL and

shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL by providing written notice of such designation to all counsel of record within thirty (30) calendar days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of information, testimony, materials, etc. as "CONFIDENTIAL" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Designating Party or non-party to invoke the Magistrate Judge's discovery dispute procedures or upon the direction of the Magistrate Judge file an appropriate motion, within twenty-one (21) days after the time the notice is received, requesting the Court determine whether the disputed information should be subject to the terms of this Protective Order. If the invocation of the Magistrate Judge's discovery dispute procedure or a motion is timely done, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Designating Party or non-party fails to take the above action within the prescribed time, the disputed information shall lose its CONFIDENTIAL designation and shall, thereafter, not be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with the Magistrate Judge's discovery dispute procedure or a motion filed under this provision, the Designating Party or non-party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     If a party produces information that a Receiving Party believes the Producing Party should have designated as CONFIDENTIAL, the Receiving Party should contact the Producing

Party regarding its belief that the information should be designated CONFIDENTIAL. If the parties cannot reach a mutual determination within fourteen (14) days after the time the Receiving Party provides notice to the Producing Party of the Receiving Party's desire for the information to be designated as CONFIDENTIAL, it shall be the obligation of the Receiving Party to invoke the Magistrate Judge's discovery dispute procedure and upon the direction of the Magistrate Judge file an appropriate motion, within twenty-one (21) days after the time the Receiving Party provides notice to the Producing Party. If such procedures are timely invoked, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules. If the Receiving Party fails to invoke such procedures within the prescribed time, the disputed information shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with the Magistrate Judge's discovery procedure or a motion filed under this provision, the Receiving Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, motions, at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Protective Order does not waive any right of any party to file a motion for restricted access to all or a portion of papers and documents filed with the Court. In the event it is necessary for the Parties to file or refer to CONFIDENTIAL information before the Court in connection with any proceeding, motion, pleading, brief, or other filing, the CONFIDENTIAL materials shall be filed as a restricted document in accordance with the requirements of D.C.Colo.LCiv.R. 7.2. The Party who designated the information CONFIDENTIAL shall be

responsible for submitting a timely Motion to Restrict Access, following the submission of CONFIDENTIAL information filed, if that Party seeks to maintain the confidentiality of the information.

13.    The provisions of this Order shall, absent written permission of a Designating Party or non-party or further Order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment, or decree finally disposing of all litigation. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall: (1) be returned to the party that designated it CONFIDENTIAL, (2) destroyed by counsel, or (3) preserved by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

14.    If counsel for either party learns that any person receiving and in the possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking discovery material containing CONFIDENTIAL information by one not a party to this action, counsel shall give prompt, written notice within forty-eight (48) hours of learning of receipt of such subpoena, demand, or legal process, to the Designating Party or non-party, assuming the provision of such notice is not forbidden by law or legal authorities. The Designating Party or non-party shall be solely responsible for seeking any relief or protection from

6

any subpoena demand or legal process seeking the discovery material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

15.    Neither this Order, the production or receipt of CONFIDENTIAL material hereunder, nor otherwise complying with the terms of this Order, shall:

a.    Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents (or any portion thereof) or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL information;

b.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony, or other evidence subject to this Order;

c.    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should be subject to other or further protection;

d.    Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

e.    Prejudice in any way the rights of a party to contest the designation of any information as "Confidential."

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this  9th  day of January, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

8